539 A.2d 1312

**Carol J. KRAFT**

v.

**Andrew H. KRAFT, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1987.

Filed Feb. 24, 1988.

Reargument Denied April 21, 1988.

Leslie M. Fields, York, for appellant.

Judith A. Calkin, Harrisburg, for appellee.

Before CAVANAUGH, BROSKY and WATKINS, JJ.

WATKINS, Senior Judge:

This is an appeal from an Order entered January 13, 1987, in the Court of Common Pleas of Dauphin County, denying appellee-wife's request for an increase in support and granting appellant-husband's request for a decrease in support.

The history of this case as set forth in the trial court's opinion is as follows:

> On November 25, 1986, the Court modified a previous Support Order dated December 18, 1984 and ordered the Defendant (Andrew H. Kraft, Jr., husband) to pay the sum of $175.00 per week plus $10.00 per week arrearages for the support of his wife and two children. Defendant was given credit for $305.00 towards the arrears. This modified order was an increase from the previous Support Order entered by the Court on December 18, 1984 which ordered Defendant to pay $110.00 per week.
>
> On December 8, 1986, Defendant appealed the entry of the November 25, 1986 Order and requested a hearing before this Court to reduce the Order. On December 15, 1986 Plaintiff (Carol J. Kraft, wife) also appealed the Order and requested a hearing before this Court to increase the November 25, 1986 Order.
>
> A hearing was held before this Court on January 13, 1987 . . .
>
> At the conclusion of the hearing, this Court reduced the award to $160.00 a week plus 10.00 on arrears.

(Trial court opinion, March 26, 1987, pp. 1–2)

On appeal appellant-husband presents the following questions:

A.   Whether the lower court erred in increasing the original support order from $110.00 per week to $160.00 per week when the additional expenses claimed by appellee-wife in support of her request for an increase were covered by the $110.00 per week of support she was already receiving?

B.   Whether the lower court erred in ordering spousal support at all to appellee-wife in the amount of $25.00 per week when the divorce court had issued a decree in divorce and had denied appellee-wife's request for alimony, alimony pendente lite, and attorney's fees, costs and expenses?

(Appellant's brief, p. 3)

With regard to appellant's first claim, apparently there was some confusion at the de novo hearing before the trial court.   At that hearing it should have been determined again whether or not wife was entitled to an increase in the $110.00 per week support order entered by the court on December 18, 1984.

Although the January 13, 1987 Order actually indicates an increase in the original support order of December 18, 1984, the trial court stated in its Order of January 13, 1987, that this was a decrease from the $175.00 support order entered on November 25, 1986.

Further, we are unable to determine from either the hearing transcript or the trial court's opinion what evidence the trial court used to establish support at $160.00 per week.

Accordingly, we will reverse and remand with instructions to the trial court to modify its order to reflect an increase or decrease, whichever the court deems appropriate, in light of the evidence, in the December 18, 1984 support order.   Also, we request that the trial court provide us with a comprehensive opinion indicating what evidence it relied upon in reaching its decision.

Because of our disposition with regard to appellant's first claim, we do not reach the merit of his second claim at this time.

512

Order reversed; case remanded for compliance with instructions contained in this opinion. Jurisdiction retained.